# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DORIS BRIGNAC** | * | **CIVIL ACTION NO.: 2:18-cv-06491** |
| *Plaintiff* | * | |
| | * | |
| **V.** | * | **JUDGE:  LANCE AFRICK** |
| | * | |
| **TIMOTHY ROUSSEL, ASHLEY POCHE,** | * | |
| **CHANTAL WAGUESPACK, JENNIFER** | * | **MAGISTRATE:  J. WILKERSON** |
| **RIZZUTO, AND ST. JAMES PARISH** | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND
### BY DEFENDANTS, TIMOTHY ROUSSEL, ASHLEY POCHE,
### <u>CHANTAL WAGUESPACK, JENNIFER RIZZUTO, AND ST. JAMES PARISH</u>

**NOW INTO COURT**, through undersigned counsel, come defendants, Timothy Roussel ("Roussel"), Ashley Poche ("Poche"), Chantal Waguespack ("Waguespack"), Jennifer Rizzuto ("Rizzuto"), and St. James Parish (the "Parish") (sometimes hereinafter collectively referred to as "Defendants") who, for answer to the allegations of plaintiff's, Doris Brignac's ("Brignac" or "Plaintiff") Complaint and Jury Demand, respectfully aver as follows:

### <u>FIRST DEFENSE</u>

Plaintiff's Complaint fails to state claim upon which relief can be granted.

And, for answer to the allegations of the individual paragraphs of Plaintiff's Complaint and Jury Demand, Defendants respectfully aver as follows:

### I.

The allegations of Paragraph 1 of Plaintiff's Complaint contain conclusions of law to which no response is required.  To the extent that Paragraph 1 contains any averments of fact, those allegations are denied.

## II.

The allegations of Paragraph 2 of Plaintiff's Complaint are denied.

## III.

The allegations of Paragraph 3 of Plaintiff's Complaint are denied, except to admit that Plaintiff was employed by the Parish from November 13, 2006, to September 20, 2017, and on that date she held the position of Accounting Clerk III in the Department of Finance.

## IV.

The allegations of Paragraph 4 of Plaintiff's Complaint are denied, except to admit that Roussel is a person of the full age of majority and resides in St. James Parish, and currently holds the office of President of St. James Parish.  Upon information and belief, there is currently a six (6) count indictment pending against Roussel, and he is vigorously defending against these allegations.

## V.

The allegations of Paragraph 5 of Plaintiff's Complaint are denied, except to admit that Poche is a person of the full age of majority and resides in St. James Parish, and currently holds the position of Assistant Director of Operations.  Poche previously held the position of Assistant Director of Finance for the Parish.  Upon information and belief, at the time of the filing of this Answer, the prior indictment against Poche has been dismissed.

## VI.

The allegations of Paragraph 6 of Plaintiff's Complaint are denied, except to admit that Waguespack is a person of the full age of majority and resides in St. James Parish, and currently holds the position of Director of Finance for St. James.  For further answer, Executive Order 1-5 is a written document and, as such, constitutes the best evidence of its contents. Defendants further

aver that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the contents, terms, provisions, or conditions of said documents is expressly denied.

VII.

The allegations of Paragraph 7 of Plaintiff's Complaint are denied, except to admit that Rizzuto is a person of the full age of majority and resides in St. James Parish, and currently holds the position of Personnel Manager for St. James.

VIII.

The allegations of Paragraph 8 of Plaintiff's Complaint are admitted.  Defendants further admit that St. James Parish is a political subdivision under Louisiana Revised Statute §13:5102. For further answer, these constitutional provisions and statutes are written laws, and as such constitute the best evidence of their contents, which cannot be modified, altered, extended, or varied by any allegations of fact or law.

IX.

The allegations of Paragraph 9 of Plaintiff's Complaint are denied.

X.

The allegations of Paragraph 10 of Plaintiff's Complaint contain conclusions of law to which no response is required.  To the extent that Paragraph 10 contains any averments of fact, those allegations are denied, except to admit the Court's jurisdiction over federal law claims.

XI.

 The allegations of Paragraph 11 of Plaintiff's Complaint contain conclusions of law to which no response is required.  To the extent that Paragraph 11 contains any averments of fact, those allegations are denied, except to admit that venue would be proper under the circumstances stated.

3

XII.

The allegations of Paragraph 12 of Plaintiff's Complaint are denied, except to admit that Brignac was employed by St. James Parish from November 13, 2006, until September 20, 2017.

XIII.

In response to the allegations of Paragraph 13 of Plaintiff's Complaint, Defendants admit that Brignac worked as an Administrative Assistant in the Finance Department, a Business Manager Trainee in the Utilities Department, and Accounting Manager I in the Department of Human Resources, and an Accounting Clerk III.  Except as admitted, the allegations in Paragraph 13 are denied.

XIV.

The allegations of Paragraph 14 of Plaintiff's Complaint are admitted.  For further answer, Brignac was also supervised by other officials and employees of the Parish.

XV.

The allegations of Paragraph 15 of Plaintiff's Complaint are denied as written.  Brignac and other employees of the Finance Department were considered "essential employees" in connection with certain emergency operations plans.  The "essential employee" designation has no relevance to Brignac's allegations against the Defendants.

XVI.

The allegations of Paragraph 16 of Plaintiff's Complaint are denied for lack of information sufficient to justify a belief therein.  For further answer, upon information and belief, the proceedings referred to in Paragraph 16 are subject to the requirements of Louisiana Code of Criminal Procedure art. 434.

XVII.

The allegations of Paragraph 17 of Plaintiff's Complaint are denied for lack of information sufficient to justify a belief therein. For further answer, upon information and belief, the proceedings referred to in Paragraph 17 are subject to the requirements of Louisiana Code of Criminal Procedure art. 434.

XVIII.

The allegations of Paragraph 18 of Plaintiff's Complaint are denied for lack of information sufficient to justify a belief therein. For further answer, upon information and belief, the proceedings referred to in Paragraph 18 are subject to the requirements of Louisiana Code of Criminal Procedure art. 434.

XIX.

The allegations of Paragraph 19 of Plaintiff's Complaint are denied for lack of information sufficient to justify a belief therein.

XX.

The allegations of Paragraph 20 of Plaintiff's Complaint are denied for lack of information sufficient to justify a belief therein.

XXI.

The allegations of Paragraph 21 of Plaintiff's Complaint are denied.  For further answer, the Defendants, including Waguespack, did not instruct any employees of the Department of Finance or the Parish, to refrain from providing testimony or documents in response to any subpoena, for any grand jury or otherwise.  Defendants, including Waguespack, did not advise any employees to violate any such subpoenas or the law.

XXII.

The allegations of Paragraph 22 of Plaintiff's Complaint are denied.

XXIII.

The allegations of Paragraph 23 of Plaintiff's Complaint are denied as written.

XXIV.

The allegations of Paragraph 24 of Plaintiff's Complaint are denied for lack of information sufficient to justify a belief therein.

XXV.

The allegations of Paragraph 25 of Plaintiff's Complaint are denied for lack of information sufficient to justify a belief therein.

XXVI.

The allegations of Paragraph 26 of Plaintiff's Complaint are denied as written.  For further answer, the grand jury indictments referred to are written documents, and as such constitute the best evidence of their contents, which cannot be modified, altered, extended, or varied by any allegations of fact or law.

XXVII.

The allegations of Paragraph 27 of Plaintiff's Complaint are denied for lack of information sufficient to justify a belief therein.  For further answer, Brignac's allegations fail to provide adequate information to allow Defendants to respond to said allegations.

XXVIII.

The allegations of Paragraph 28 of Plaintiff's Complaint are denied.

XXIX.

The allegations of Paragraph 29 of Plaintiff's Complaint are denied.

XXX.

The allegations of Paragraph 30 of Plaintiff's Complaint are denied.

XXXI.

The allegations of Paragraph 31 of Plaintiff's Complaint are denied.  For further answer, Brignac was reprimanded on December 21, 2016, for failure to follow instructions and violation of rules of conduct.

XXXII.

The allegations of Paragraph 32 of Plaintiff's Complaint are denied.

XXXIII.

The allegations of Paragraph 33 of Plaintiff's Complaint are denied. For further answer, Brignac was reprimanded on June 23, 2017, for improper conduct, violation of rules of conduct, and abuse of property.

XXXIV.

The allegations of Paragraph 34 of Plaintiff's Complaint are denied.

XXXV.

The allegations of Paragraph 35 of Plaintiff's Complaint are denied as written, the indictment referred to is a written document and as such is the best evidence of its contents.   For further answer, upon information and belief, at the time of the filing of this Answer, the referenced indictment against Poche has been dismissed.

XXXVI.

The allegations of Paragraph 36 of Plaintiff's Complaint contain no allegations of fact, only conclusory statements to which no response is required.  To the extent a response is required, the allegations of Paragraph 36 are denied.

XXXVII.

The allegations of Paragraph 37 of Plaintiff's Complaint contain no allegations of facts, only conclusory statements to which no response is required.  To the extent a response is required, the allegations of Paragraph 37 are denied.

XXXVIII.

The allegations of Paragraph 38 of Plaintiff's Complaint contain no allegations of facts, only conclusory statements to which no response is required.  To the extent a response is required, the allegations of Paragraph 38 are denied.

XXXIX.

The allegations of Paragraph 39 of Plaintiff's Complaint are denied for lack of information sufficient to justify a belief therein.

XL.

The allegations of Paragraph 40 of Plaintiff's Complaint are denied.

XLI.

The allegations of Paragraph 41 of Plaintiff's Complaint are denied as written.  For further answer, on September 20, 2017, Brignac arrived at work and was asked to attend a meeting to discuss violations of St. James Parish policies and/or laws, including the Employee Handbook and the Home Rule Charter.  During this meeting Brignac was terminated.

XLII.

The allegations of Paragraph 42 of Plaintiff's Complaint are denied as written.

XLIII.

The allegations of Paragraph 43 of Plaintiff's Complaint are denied.  Brignac was terminated on September 20, 2017, for violations of St. James Parish policies and/or laws, including the Employee Handbook and the Home Rule Charter.

XLIV.

The allegations of Paragraph 44 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 44 contains any factual allegations, they are denied.

XLV.

The allegations of Paragraph 45 of Plaintiff's Complaint are denied, except to admit that Brignac's employment with the Parish was terminated on September 20, 2017, and that the Parish opposed Brignac's request for unemployment benefits because her termination was due to employee misconduct.

XLVI.

The allegations of Paragraph 46 of Plaintiff's Complaint are denied as written.  For further answer, Defendants deny that there was a finding that Brignac's conduct was appropriate or that she was wrongfully terminated.  Further, the ruling referred to is a written document and, as such, constitutes the best evidence of its contents.  Defendants aver that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the contents, terms, provisions, or conditions of said document is expressly denied.

XLVII.

The allegations of Paragraph 47 of Plaintiff's Complaint contain conclusions of law to which no response is required.  For further answer, the Home Rule Charter of St. James Parish is a written document and, as such, constitutes the best evidence of its contents. Defendants further aver that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the contents, terms, provisions, or conditions of said documents is expressly denied.

XLVIII.

The allegations of Paragraph 48 of Plaintiff's Complaint are denied.

XLIX.

The allegations of Paragraph 49 of Plaintiff's Complaint are denied as written.  Rizzuto and Waguespack were the only persons present when Brignac was terminated on September 20, 2017.

L.

The allegations of Paragraph 50 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 50 contains any factual allegations, those allegations are denied as written.  Roussel approved Brignac's termination due to Brignac's documented misconduct.  There was no violation of Brignac's statutory or constitutional rights.

LI.

The allegations of Paragraph 51 of Plaintiff's Complaint are denied.  The decision to terminate Brignac was made after a thorough investigation and based on her documented misconduct and violation of Parish policies and/or laws, including the Employee Handbook and the Home Rule Charter.  Brignac's termination was based on the correct and reasonable belief that

such termination was not a violation of Brignac's statutory or constitutional rights, and allegations to the contrary are false and are denied.

LII.

The allegations of Paragraph 52 of Plaintiff's Complaint are denied. Roussel, Poche, and Waguespack all unanimously approved Brignac's termination after a thorough investigation and based on her documented misconduct and violation of Parish policies and/or laws, including the Employee Handbook and the Home Rule Charter. Brignac's termination was based on the correct and reasonable belief that such termination was not a violation of Brignac's statutory or constitutional rights, and allegations to the contrary are false and are denied.

LIII.

The allegations of Paragraph 53 of Plaintiff's Complaint are denied. Brignac's termination was based on her documented misconduct and violation of Parish policies and/or laws, including the Employee Handbook and the Home Rule Charter, and further based on the correct and reasonable belief that such termination was not a violation of Brignac's statutory or constitutional rights, and allegations to the contrary are false and are denied. Brignac's claim of conspiracy is false, has no evidentiary support, and is denied.

LIV.

The allegations of Paragraph 54 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent Paragraph 54 contains any factual allegations, they are denied. Executive Order 12-1 on Confidentiality is a written document and, as such, constitutes the best evidence of its contents. Defendants further aver that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the contents, terms, provisions, or conditions of said document is expressly denied.

11

LV.

Defendants hereby re-allege and reincorporate herein the answers to Paragraphs 1-54 of Plaintiff's Complaint.

LVI.

The allegations of Paragraph 56 of Plaintiff's Complaint contain legal conclusions to which no response is required.   To the extent Paragraph 56 contains any factual allegations, they are denied.

LVII.

The allegations of Paragraph 57 of Plaintiff's Complaint contain legal conclusions to which no response is required.   To the extent Paragraph 57 contains any factual allegations, they are denied.

LVIII.

The allegations of Paragraph 58 of Plaintiff's Complaint contain legal conclusions to which no response is required.   To the extent Paragraph 58 contains any factual allegations, they are denied.

LIX.

The allegations of Paragraph 59 of Plaintiff's Complaint contain legal conclusions to which no response is required.   To the extent Paragraph 59 contains any factual allegations, they are denied.

LX.

The allegations of Paragraph 60 of Plaintiff's Complaint contain legal conclusions to which no response is required.   To the extent Paragraph 60 contains any factual allegations, they are denied.

LXI.

The allegations of Paragraph 61 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 61 contains any factual allegations, they are denied.

LXII.

The allegations of Paragraph 62 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 62 contains any factual allegations, they are denied.

LXIII.

The allegations of Paragraph 63 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 63 contains any factual allegations, they are denied.

LXIV.

The allegations of Paragraph 64 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 64 contains any factual allegations, they are denied.

LXV.

The allegations of Paragraph 65 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 65 contains any factual allegations, they are denied.

LXVI.

The allegations of Paragraph 66 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 66 contains any factual allegations, they are denied.

LXVII.

The allegations of Paragraph 67 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 67 contains any factual allegations, they are denied.

LXVIII.

The allegations of Paragraph 68 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 68 contains any factual allegations, they are denied.

LXIX.

The allegations of Paragraph 69 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 69 contains any factual allegations, they are denied.

LXX.

The allegations of Paragraph 70 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 70 contains any factual allegations, they are denied.

LXX1.

The allegations of Paragraph 71 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 71 contains any factual allegations, they are denied.

LXXII.

The allegations of Paragraph 72 of Plaintiff's Complaint contain legal conclusions to which no response is required.  To the extent Paragraph 72 contains any factual allegations, they are denied.

LXXIII.

The allegations of Paragraph 73 of Plaintiff's Complaint demanding a jury require no response from Defendants.

LXXIV.

The prayer for relief contains legal conclusions and does not require a response.  To the extent a response is required, the allegations are denied.

**AND NOW IN FURTHER ANSWER**, Defendants hereby assert the following affirmative defenses to Plaintiff's Complaint and Jury Demand:

**SECOND DEFENSE**

Plaintiff has alleged damages that were caused in whole or in part by the fault or negligence of other third parties for whom Defendants are not legally responsible.

**THIRD DEFENSE**

Plaintiff's alleged damages, if any, were caused or occasioned in whole or in part by the fault of Plaintiff's own actions, misconduct, breach of duties, neglect, inattention, and any recovery by Plaintiff should be reduced in accordance with the doctrine of comparative fault.

**FOURTH DEFENSE**

Plaintiff's alleged damages, if any, may have been caused or occasioned by intervening and/or superseding causes for which Defendants are not legally responsible.

**FIFTH DEFENSE**

Plaintiff's alleged damages, if any, were not proximately caused by Defendants.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has failed to mitigate, minimize, or avoid damages or loses.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff has already been compensated for the alleged damages or loss.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of prescription, peremption, preemption, waiver, consent, unclean hands, estoppel, and/or laches.

## NINTH DEFENSE

Defendants affirmatively plead that the decision to terminate Plaintiff's employment with St. James Parish was made after a thorough investigation and based on Plaintiff's documented violations of St. James Parish policies, including the Home Rule Charter and Employee Handbook.

## TENTH DEFENSE

Defendants affirmatively plead that Roussel, Poche, Waguespack, and Rizzuto's decision to terminate Plaintiff's employment was an exercise of their discretionary duties as public officials, and such decision was made in good faith, such that Roussel, Poche, Waguespack, and Rizzuto are entitled to qualified immunity from this suit.

## ELEVENTH DEFENSE

Defendants affirmatively plead that they all reasonably believed that terminating Plaintiff's employment was not a violation of Plaintiff's statutory or constitutional rights, and thus they are entitled to qualified immunity from this suit.

## TWELFTH DEFENSE

Defendants affirmatively plead that there was no violation of law – state or federal – and, accordingly, Plaintiff has no valid cause of action against Defendants

## THIRTEENTH DEFENSE

Defendants affirmatively plead the defense of qualified or "good faith" immunity in that they were government officials performing discretionary functions and they did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## FOURTEENTH DEFENSE

Defendants are protected by a qualified immunity from suit and from any judgment for damages for violation of Plaintiff's rights because, among other things, they at all times acted reasonably and under circumstances such that a reasonable person or entity in like circumstances would not have understood that the conduct alleged to have been illegal was in fact so.

## FIFTEENTH DEFENSE

The Parish of St. James is a political subdivision of the State of Louisiana and thus Plaintiff's claims may be barred in whole or in part by sovereign immunity or other limitations of liability provided by law.

## SIXTEENTH DEFENSE

Some or all of Plaintiff's claims have been improperly joined.

## SEVENTEENTH DEFENSE

Plaintiffs have no federal claims against the individually named Defendants, and thus this Court lacks subject matter jurisdiction over those defendants.

## EIGHTEENTH DEFENSE

Louisiana law precludes bringing suit against a political subdivision of the state in any court other than a Louisiana state court, and precludes trial by jury against a political subdivision of the state. *See* La. Rev. Stat. Ann. 13:5106; La. R.S. 13:5105.

## NINETEENTH DEFENSE

Plaintiff's claims are barred or limited in whole or in part by the protection of governmental immunity or a legislatively created limitation of liability afforded to Defendants, including, but not limited to, those immunities or limitations of liability contained in the Louisiana Governmental Claims Act, La. R.S. 13:5101, *et seq.,* the Louisiana Discretionary Function Act, La. R.S. 9:2798.1, and/or La. R.S. § 2792.4.

## TWENTIETH DEFENSE

Plaintiff's claims are barred or limited in whole or in part by privileges and immunities granted by virtue of both the United States Constitution and Louisiana Constitution, and by the privileges and immunities recognized by common law and prior jurisprudence, including absolute or qualified immunity for certain government functions.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred or limited in whole or in part by the doctrine of absolute or qualified immunity for discretionary acts of government officials.

## TWENTY-SECOND DEFENSE

Some or all of Plaintiff's claims have been brought against Defendants in an improper capacity.

## TWENTY-THIRD DEFENSE

Plaintiffs have failed to state a claim for which relief can be granted against the individually named defendants.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims against the Parish and against Parish officials and employees acting in their official capacity are duplicitous.

## TWENTY-FIFTH DEFENSE

The personally named defendants are entitled to immunity from suit, not just liability.

## TWENTY-SIXTH DEFENSE

All Defendants have at all times acted reasonably to further legitimate government interest.

## TWENTY-SEVENTH DEFENSE

Plaintiff has no constitutionally protected speech rights that have been affected by the alleged actions of the Defendants.

## TWENTY-EIGHTH DEFENSE

Defendants affirmatively plead that Plaintiff's alleged protected speech – her testimony at the grand jury proceedings – could not have been the basis for Plaintiff's termination because that testimony was secret and confidential under Louisiana Code of Criminal Procedure art. 434.

## TWENTY-NINTH DEFENSE

Defendants affirmatively plead that Plaintiff's employment would have been terminated in the absence of Plaintiff's grand jury testimony, and that Plaintiff's testimony played no part in her termination.

## THIRTIETH DEFENSE

Plaintiff's claims, if any, have been satisfied by the doctrine of accord and satisfaction.

## THIRTY-FIRST DEFENSE

Defendants are entitled to an award for attorney's fees and costs to the extent that some or all of Plaintiff's claims are found to be frivolous, unreasonable, or without foundation. *See Fox v. Vice*, 131 S. Ct. 2205 (2011).

## THIRTY-SECOND DEFENSE

Defendants give notice that they intend to rely on any and all defenses that may be available to it under the applicable law, and reserve the right to specifically identify those defenses at the time when they become obvious and available to it; and, further Defendants reserve their rights to amend and/or supplement the foregoing answer, including rights to assert further affirmative defenses not included in this pleading.

**WHEREFORE,** Defendants, Timothy Roussel, Ashley Poche, Chantal Waguespack, Jennifer Rizzuto, and St. James Parish, pray that this Answer be deemed good and sufficient and, after due proceedings are had, there be Judgment in favor of Defendants dismissing Plaintiff's claims and suit at Plaintiff's cost, and for all such general and equitable relief as the nature of the case may permit.

Respectfully submitted,

*/s/ Elizabeth A. Chickering*
TARA E. CLEMENT (#27406)
ELIZABETH A. CHICKERING (#31099)
**GIEGER, LABORDE & LAPEROUSE, L.L.C.**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: tclement@glllaw.com
        echickering@glllaw.com
*Counsel for Defendants  Timothy Roussel, Ashley Poche, Chantal Waguespack, Jennifer Rizzuto, and St. James Parish*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 9th day of October, 2018, a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic filing system and also sent on this date to all counsel of record via email, facsimile, and/or via U.S. Mail, postage prepaid and properly addressed to:

Robert B. Landry, III
Robert B. Landry, III, PLC
5420 Corporate Blvd., Ste. 204
Baton Rouge, La 70808

*/s/ Elizabeth A. Chickering*
ELIZABETH A. CHICKERING
